**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN W. QUICK, #1243617,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 3:05-CV-1619-P |
| | ) | |
| **DON ANDERSON, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an action brought pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is an inmate presently confined at the Stiles Unit of the Texas Department of Criminal Justice – Correctional Institution Division in Beaumont, Texas. Defendants are Hunt County Sheriff Don Anderson, and Sgt. Curtis Neel.  The court has not issued process in this case.

Statement of the Case:  The complaint alleges civil rights violations as a result of Plaintiff's solitary confinement and denial of medical care while at the Hunt County Jail.

Findings and Conclusions:  Even liberally construing Plaintiff's *pro se* complaint, it is clear that his pleadings are insufficient to allege a federal claim.  Nonetheless, before deciding whether to issue a recommendation of dismissal pursuant to 28 U.S.C. § 1915A and/or 28 U.S.C.

§ 1915(e), the magistrate judge issued a questionnaire on August 26, 2005, to afford Plaintiff the opportunity to present the court with sufficient facts to demonstrate the existence of a federal claim.  The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint.  See Eason v. Thaler, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is proper); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaires as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).  As of the date of this recommendation, Plaintiff has failed timely to respond to the Magistrate Judge's questionnaire.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to submit his answers to the magistrate judge's questionnaire, but has failed or refused to do so, this action should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A copy of this recommendation will be mailed to Plaintiff.

Signed October 17, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.